USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
AZIMUT-BENETTI S.p.A.,

                Plaintiff,

-against-

MAGNUM MARINE CORPORATION and
KATRIN THEODOLI,

                Defendants.
------------------------------------------------------------x

MEMORANDUM OPINION
& ORDER

05 Civ. 3260 (SHS)

SIDNEY H. STEIN, U.S. District Judge.

      This litigation concerns a contract dispute in which the sole basis for federal jurisdiction is the diversity of the parties. Plaintiff Azimut is an Italian corporation. Defendant Magnum Marine Corporation is a Florida corporation owned by defendant Theodoli. Theodoli is an Italian citizen and a permanent resident alien domiciled in Florida.

      Upon reviewing the pleadings, the Court discovered that federal subject matter jurisdiction might be lacking because this litigation is between two aliens, irrespective of Theodoli's status as a permanent resident. See Complaint ¶ 11; June 30, 2005 Conference. The Court discussed the issue of subject matter jurisdiction with the parties at a status conference on June 30, 2005, following which the Court directed plaintiff to "show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. See Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 580-81 (2d Cir. 2002) (federal diversity jurisdiction lacking over suits between aliens); Saadeh v. Farouki, 107 F.3d 52 (D.C. Cir. 1997) (alien permanent resident generally

considered alien for purposes of diversity jurisdiction); Lloyds Bank PLC v. Norkin, 817 F.Supp. 414 (S.D.N.Y. 1993) (same)." (Order dated June 30, 2005).

Subsequently, plaintiff moved pursuant to Fed. R. Civ. P. 21 to "drop" Theodoli on the ground that she was a dispensable party. Defendants responded that to drop Theodoli without prejudice would be unfair to her because plaintiff would be free to sue her, in state court, for a second time in connection with the same contract dispute. In addition, defendants maintained that parallel state court litigation based upon the same disputed transaction as is at issue here would be a wasteful expenditure of judicial resources.

In an Order dated July 26, 2005, this Court provided that plaintiff could choose to either 1) pursue this action in federal court, in which event Theodoli would be dropped with prejudice, see Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 838, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989), or 2) pursue its claims in state court, in which event this action would be dismissed for lack of subject matter jurisdiction on the ground of a lack of complete diversity, see Marcus v. Five J Jeweler Precious Metals Industry Ltd., 111 F.Supp.2d 445 (S.D.N.Y. 2000). By letter dated August 8, plaintiff took the position that this Court does not lack subject matter jurisdiction, and declined to elect either option set forth in the July 26 Order.

The Court has concluded that it lacks diversity jurisdiction because this litigation is between two aliens, notwithstanding that Theodoli is a permanent resident alien domiciled in Florida. This Court has set forth its reasoning on this issue in full in Marcus, 111 F.Supp.2d 445. See 28 U.S.C. § 1332(a); Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 580-81 (2d Cir. 2002) (federal diversity

2

jurisdiction lacking over suits between aliens); Saadeh v. Farouki, 107 F.3d 52 (D.C. Cir. 1997) (alien permanent resident generally considered alien for purposes of diversity jurisdiction); Lloyds Bank PLC v. Norkin, 817 F.Supp. 414 (S.D.N.Y. 1993) (same). Accordingly, this action is dismissed without prejudice for lack of subject matter jurisdiction.

Dated: New York, New York
August 10, 2005

SO ORDERED:

Sidney H. Stein, U.S.D.J.